Case 4:15-cv-01580   Document 52   Filed in TXSD on 11/16/16   Page 1 of 4

United States District Court
Southern District of Texas

**ENTERED**
November 16, 2016
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| COREY WARF, individually and on behalf of all others similarly situated, | § § § | |
| Plaintiffs, | § § | |
| v. | § § | CIVIL ACTION NO. 4:15-1580 |
| EXTREME ENGINEERING LTD., and SCHLUMBERGER TECHNOLOGY CORPORATION, | § § § § | |
| Defendants. | § § | |

## **MEMORANDUM AND ORDER**

This Fair Labor Standards Act ("FLSA") case is before the Court on the Opposed Motion for Order to Amend Docket Control Order ("Motion") [Doc. # 48] filed by Defendant Schlumberger Technology Corporation ("Defendant").[1] Plaintiff Corey Warf ("Plaintiff")[2] responded [Doc. # 50], and Defendant replied

---

[1] According to Schlumberger, as a result of a merger with Defendant Extreme Engineering, Ltd., the latter is no longer an independent entity but rather a division of Schlumberger. Schlumberger contends that Extreme was improperly identified as a separate defendant. *See* Response to Motion for Conditional Certification [Doc. # 22], at ECF page 1 n.1.

[2] Twelve additional plaintiffs have consented to participate in this conditionally certified collective action. *See* Notices of Consent [Docs. ## 36–41, 45].

[Doc. # 51]. Defendant's Motion is ripe for review.

Having reviewed the parties' briefing, all matters of the record, and the applicable legal authorities, the Court **grants** Defendant's Motion. Defendant's error in failing to identify and provide to Plaintiffs' counsel contact information on 39 additional potential class members caused these individuals to have been prevented from asserting their rights through no fault of their own.[3] *See Clarke v. Rader*, 721 F.3d 339, 344 (5th Cir. 2013). Analysis of whether to apply equitable tolling is fact specific. *Granger v. Aaron's, Inc.*, 636 F.3d 708, 712 (5th Cir. 2011).

The Court concludes that equitable tolling for these individuals is warranted as a remedial measure in order to place these individuals in the same position as others who received the original notices of this case in March 2016. The Court accordingly is persuaded that the tolling period should commence on March 7, 2016, the date of dissemination of the original notices, through the date the collective action notice is disseminated to the newly identified individuals. Plaintiffs' arguments to the contrary are rejected. Plaintiffs' requested tolling through the 60-day period during which the new individuals may opt into this action would result in a windfall that is both unwarranted for the newly identified

---

[3] Defendant brought this omission to the attention of Plaintiffs' counsel *sua sponte*.

individuals and creates an unwarranted disparity between this group and individuals who received the original notices and have filed notices of consent. It is therefore

**ORDERED** that Defendant's Opposed Motion for Order to Amend Docket Control Order [Doc. # 48] is **GRANTED**. It is further

**ORDERED** that the Docket Control Order entered by the Court on February 17, 2016 [Doc. # 32] is **modified** and the periods set forth in the Motion are **adopted**. The parties must submit on or before **November 23, 2016**, a proposed Amended Docket Control Order using, to the extent possible, the Court's standard form attached to its Procedures on the Court Website *and* including calendar dates for each deadline. It is further

**ORDERED** that Plaintiffs' counsel must disseminate notice of this action to the individuals identified by Defendant in its supplemental disclosure of September 23, 2016. The same terms set forth in the Court's Orders of February 8 and 17, 2016 [Docs. ## 29, 33] apply. It is further

**ORDERED** that the new Notice/Dissemination Period will begin upon Plaintiffs' counsel's dissemination of the notices to the individuals identified by Defendant in its supplemental disclosure of September 23, 2016, which notice must be sent to all such individuals on the same day and sent no later than seven (7) days from entry of the this Order. It is further

**ORDERED** that the statute of limitations period for all new potential class members identified by Defendant in its supplemental disclosure of September 23, 2016 is **equitably tolled** from March 7, 2016 until the date the new notice/dissemination period commences.

SIGNED at Houston, Texas, this 16th day of **November, 2016**.

_____
NANCY F. ATLAS
SENIOR UNITED STATES DISTRICT JUDGE